HILL *v.* UNITED TIMBER & LUMBER Co., et al.

June 14, 1954

No. 38901          67 Adv. S. 67          73 So. 2d 247

Feb. 9, 1953          19 Adv. S. 21          62 So. 2d 776

*Frank E. Shanahan, Jr.,* Vicksburg, for appellant.

*Teller & Biedenharn, Dent, Ward & Martin,* Vicksburg, for appellees.

ROBERDS, P. J.

On March 11, 1952, Alex Hill, when about his duties as an employee of appellee, United Timber and Lumber Company, departed this life intestate.

Ada Hill and Selena Hill filed claims under the Workmen's Compensation Law, each claiming to be the widow of Alex Hill. The Commission found that Ada was the widow. The circuit judge decided that Selena was the widow. This Court, on appeal to it, adjudicated that Ada was the widow, and entitled to the compensation.

The basis of our opinion was that appellee and the employer and its insurance carrier had failed to show by clear and convincing proof that Ike Moore, to whom Ada Hill had been married in 1921, was still alive at the time of Ada's ceremonial marriage to Alex in 1931 and at the time of Ada's separation from Alex during the

autumn of 1949. The opinion contains this statement: "The determining factor in this case, as we see it, is the lack of clear and convincing proof that Ike Moore was still alive at the time of Ada's marriage to Alex and at the time of Ada's separation from Alex." That holding was based upon the testimony of the witnesses produced during the hearing before the attorney-referee, and we think the case was correctly decided by us on the record that we had before us when the decision was rendered.

But, on January 21, 1954, while a Suggestion of Error was pending and before the judgment rendered on December 7, 1953, had become final, the employer and carrier filed in this Court what is termed an application for leave to file in the Circuit Court of Warren County, Mississippi, a petition for a writ of error coram nobis, and have that court pass upon the matters proposed to be set up in said petition. Accompanying the application is an affidavit signed by Ike Moore himself, detailing the different places in which he has lived since he and Ada separated, in which he further states that he has never obtained a divorce from Ada. Counsel for the insurance carrier have also executed and filed, as a part of said application, an affidavit, reciting that, before the hearing of this matter by the attorney-referee, the full commission and the circuit judge, they exercised the utmost diligence to locate Moore, detailing their acts of diligence. Also, attached to the application is an affidavit of the investigator and adjuster for the insurance carrier, who is also an attorney, likewise asserting he used the greatest diligence to find Ike Moore before any hearing of the question by any tribunal, all without success. The other parties to this litigation do not challenge, in any manner, the genuineness of the affidavits nor the facts asserted therein. In other words, it is now shown without dispute or contradiction, on the record now before us, that Ike Moore was alive, and had not obtained a divorce from Ada Hill, when this matter was heard by the attorney-

referee, the Commission and the circuit judge, and at the time of the filing of said application herein January 21, 1954. Restated, it appears from these affidavits, which are not denied and which were filed before the judgment rendered by us has become final, that positive proof is now available to show that Ike Moore is still alive. Under such circumstances we have the power, and we perceive it to be our duty, regardless of technical pleading, to permit the truth to be developed on so important a fact. The rules of judicial procedure are not so inflexible as to prevent the court, under these circumstances, from taking such action as may be necessary to grant a rehearing in this matter so that the newly discovered evidence may be presented and made a part of the record and the rights of the parties properly determined according to the true facts. Chief Justice Sydney Smith, in a separate opinion, in Mitchell v. State, 199 Miss. 833, observed that the power of this Court to vacate a judgment rests, not upon statute, but on the common law. Such power is firmly imbedded in its jurisprudence by many decisions of this Court. It may adopt such grounds for vacating a judgment as it deems necessary for the administration of justice. ''This Court heretofore has been very careful in this regard; and so far only a limited number of facts have been held sufficient for vacating a judgment.'' Mitchell v. State, supra.

This conclusion is strengthened in this case by the object and effect of Section 6998-27, 5A Recompiled, Miss. Code 1942, which reads: ''Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may termi-

nate, continue, reinstate, increase or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensate rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the commission.'' The facts in this case do not render that section inapplicable to the case at bar.

The application now being considered will be treated as a motion to remand the cause for further development of the facts under the unusual and peculiar situation confronting us. The judgment of the trial court in favor of Selena Hill will be reversed; the opinion of this Court in favor of Ada Hill will be withdrawn and the judgment in her favor will be vacated; and a judgment will be entered sustaining said motion and remanding the cause to the Circuit Court of Warren County to be by it remanded to the Commission for a rehearing under the existing facts.

So ordered.

All Justices concur.

ON MOTION TO ADVANCE

McGehee, C. J.

Under the Workmen's Compensation Act, Chapter 354, Laws of 1948, a cause is entitled to preference in the circuit court but is not entitled to be advanced on the docket of the Supreme Court, as was held in Plumbing & Heating Service, et al. v. Strickland (Miss.), 49 So. 2d 243.

Motion overruled.

*Hall, Lee, Arrington* and *Ethridge, JJ.,* concur.