## Masonite Corporation *v.* Fields

No. 40305          December 17, 1956          91 So. 2d 282

*Deavours & Hilbun,* Laurel, for appellant.

*E. P. Connolly,* Laurel; *Travis & Moore,* Jackson, for appellee.

526

ETHRIDGE, J.

Appellee Lucious Fields claims temporary disability benefits under the Workmen's Compensation Act, received while working for his employer, appellant Masonite Corporation. On February 28, 1955 Fields sustained and injury to his back while loading railroad cars for appellant. At appellant's clinic, Dr. J. H. Danner diagnosed his trouble as a pulled lumbar muscle, fibrositis. He received medical treatment for that disablitiy until April 29, when Dr. Danner referred him to Dr. G. E. Holder, physician in charge of appellant's clinic. Dr.

Danner last saw appellee on April 29. After referral, Dr. Holder examined appellee and prescribed medication and treatments for him until May 26, 1955, which was the last time he saw or examined appellee.

In the meantime, Dr. Holder referred appelle to Dr. T. S. Eddleman of Jackson, an orthopedist. Dr. Eddleman examined appellee once, on May 5. From his examination, he concluded that appellee had suffered a strain in the muscle tissues of the back, constituting a temporary disability, and that he should be able to return to work in another month, or by June 5, 1955. He said that from his examination he "would not have expected" any residual disability after June 5. He "felt" that appellee would be able to go back to work in that time, "from an orthopedic standpoint".

Appellant's physicians concluded that appellee had recovered from the injury, and discharged him from medical care by them on May 26. None of the three physicians who testified for appellant, Drs. Danner, Holder and Eddleman, examined appellee after May 26, when compensation payments were stopped.

On July 29, 1955, appellee applied to the Commission for additional temporary total disability benefits, and a hearing was had before the attorney-referee. At that hearing, which began in September 1955 and with several recesses was concluded in November, the three doctors testified for appellant as outlined above.

Appellee testified that he was still suffering from the same back disability, and cannot work. After appellant's physicians discharged him on May 26, he went to see a doctor of his own choice, Dr. Dennis P. Granberry, Jr., of Laurel, who first examined claimant on June 14, 1955. Dr. Granberry examined him, and prescribed medication and treatment on twelve different occasions, the last time being October 6, 1955. Dr. Granberry diagnosed appellee's injury as "severe lumbosacral and sacroiliac sprain", and prescribed treatment accord-

ingly. He testified that from the first time he saw him on June 14 through the last time, October 6, appellee had improved but was still presently suffering from this disabitity; that he has not reached his maximum recovery from this injury, and as of October 6, 1955 appellee was incapable of doing any kind of physical labor. His prognosis was that it would take from six to twelve months from the first time he examined appelle for him to reach a full recovery.

The attorney-referee allowed appellee additional temporary total disability benefits for a period from May 26, to June 5, 1955, but disallowed any further benefits from that date. He found that appellee had sustained an injury arising out of and in the course of his employment, but basing the period of benefits upon the prognosis of Dr. Eddleman, who examined appellee on May 5, he held that he should accept Eddleman's estimate that appellee should be recovered within a month, by June 5, and terminated disability payments on that date. The Workmen's Compensation Commission affirmed the attorney-referee's order.

The Circuit Court of the Second Judicial District of Jones County reversed the order of the Commission, insofar as it denied compensation benefits after June 5, 1955. It entered a judgment for claimant for compensation up to and including the date of the last examination by Dr. Granberry on October 6, 1955, and remanded the case to the Commission to determine whether disability has continued after October 6, 1955. The learned circuit judge correctly pointed out that Dr. Granberry's examination and treatment of appellee began where that of the employer's doctors left off, and that there is no evidence in the record to contradict that of appellee and Dr. Granberry that appellee continued to suffer a temporary total disability in the months following the last examination by appellant's physician on May 26. We agree with the opinion of the circuit court.

The decision of the Commission and the attorney-referee were based wholly upon the estimate and prognosis of Dr. Eddleman, who examined appellee on May 5, 1955, that he should be recovered within a month, by June 5. Dr. Eddleman "felt" that this should occur. The Commission's decision was without any support in the record other than this opinion. On the other hand, the testimony of Fields and Dr. Granberry is positive and uncontradicted, to the effect that appellee has continued to suffer a disability from this injury at least through the date of Dr. Granberry's last examination on October 6. The results of Dr. Granberry's examination of Fields, as summarized in a letter from him of August 25, 1955, were made known to appellant. Yet appellant made no effort to have its physicians re-examine appellee to determine whether they agreed to Dr. Granberry's diagnosis.

Hence the latter's testimony, and that of appellee stand uncontradicted to the effect that through October 6, 1955, Fields was suffering a temporary total disability resulting from the injury received in his employment. This testimony was not in conflict with the other medical testimony, and was not inherently improbable, incredible or unreasonable, nor was it discredited. Under these circumstances it should be taken as binding upon the trier of facts. It should not be arbitrarily and capriciously rejected. M. T. Reed Const. Co. v. Martin, 215 Miss. 472, 476, 61 So. 2d 300 (1952) is directly in point on the issue in this case. See also Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So. 2d 442 (1953); International Paper Co. v. Handford, 78 So. 2d 895, (Miss. 1955).

Affirmed and remanded.

*McGehee, C. J.,* and *Lee, Holmes* and *Gillespie,* JJ., concur.