CITY OF MOSS POINT, et al. *v.* COLLUM

No. 40384          February 11, 1957          92 So. 2d 456

*Morse & Morse,* Gulfport, for appellants.

*Donald W. Cumbest,* Pascagoula, for appellee.

HOLMES, J.

Appellee's claim against his employer, City of Moss Point, and the latter's insurance carrier, United States Fidelity and Guaranty Company, for compensation benefits under the Mississippi Workmen's Compensation Law was denied by the attorney-referee. The commission unanimously reversed the order of the attorney-referee and awarded compensation and directed that the appellants pay to the claimant compensation benefits for temporary total disability, such payments to begin July 1, 1955, and to continue in accordance with the provisions of Section 8(b) of the statute. The commission concluded that the finding of the attorney-referee that there is insufficient evidence to establish that the claimant sustained a compensable injury within the contemplation of the Mississippi Workmen's Compensation Law, as amended, should be stricken from the record and that the following finding should be entered in lieu thereof: "That on September 1, 1954, claimant sustained an injury compensable under the provisions of the Mississippi Workmen's Compensation Act, as amended, and as a result of such injury became disabled and incapacitated from work on July 1, 1955, with such disability still continuing and of a temporary total nature." The circuit court affirmed the commission.

On September 1. 1954, the claimant was employed by the City of Moss Point, Mississippi. The duties of his employment required him to clean and service the fire truck of the city, to clean the building in which the fire truck was housed, to check the fire-fighting equipment and to answer all telephones for both fire calls and police calls during the hours when he was on duty. He reported for work at from 3 o'clock to 4:30 o'clock in the afternoon and remained on duty until 9 o'clock or 9:30 o'clock P. M. On September 1, 1954, while in the performance of his duties, he was cleaning the fire truck and had climbed up on the platform at the rear of the

truck. As he stepped off of the truck his foot slipped from under him and caused him to fall, striking the lower part of his shoulder against the handrail of the truck and striking his neck against the truck. It is for this injury that he is claiming compensation in this case. At the time claimant sustained his injury he was receiving a salary of $212.00 per month, or $48.46 per week.

The only assignment of error is that the circuit court erred in affirming the action of the commission in reversing the order of the attorney-referee. The sole question for our decision is whether there is substantial evidence to support the finding and order of the commission. If this question be answered in the affirmative then we are not warranted in reversing the action of the commission. Williams Brothers Co. v. McIntosh, 84 So. 2d 692; Dowdle and Pearson v. Hargrove, 75 So. 2d 277; Brown Buick Compnay v. Smith's Estate, 52 So. 2d 664; Miss. Products Co., Inc. v. Gordy, 80 So. 2d 793.

It is undisputed that in September 1954 while the claimant was in the performance of his duties he fell from a fire truck and injured his neck and shoulder, and that such injury arose out of and in the course of his employment, and that within three days after the accident he gave notice of his injury to his employer who directed him to see a doctor. There is no substantial dispute in the evidence that the claimant's injury has resulted in his disability to engage in gainful employment. Although five medical experts testified in the case, none of them expressed the opinion that the claimant's injury to his shoulder and neck did not result from his fall from the fire truck, or that he suffered no disability as the result of such injury, or that such injury was not causally related to his employment. It can serve no good purpose to relate the evidence in detail. It is manifest from what has been stated that the finding and order of the commission are supported by substantial evidence. We are, therefore, of the opinion that the cir-

cuit court was correct in affirming the action of the commission, and that the judgment of the circuit court should be and it is affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge,* JJ., concur.