Scott *v.* Brookhaven Well Service, et al.

No. 42590          March 4, 1963          150 So. 2d 508

*A. B. McGraw,* Jackson; *Johnson & Johnson,* Natchez, for appellant.

458

*Daniel, Coker & Horton,* Jackson, for appellees.

RODGERS, J.

This is a workmen's compensation case. The attorney-referee rendered a written opinion awarding claimant, Gullam Columbus Scott, compensation benefits from November 1, 1959, through December 21, 1959, for an alleged injury occurring on October 31, 1959, but denied further benefits, including medical expenses incurred after the latter date. The Workmen's Compensation Commission (hereinafter called Commission) affirmed the award of the attorney-referee. One of the Commissioners, however, wrote a dissenting opinion. The case was then appealed to the Circuit Court of Lincoln County, Mississippi, in which an order was entered by the Circuit Judge affirming the order of the Commission. The case comes to this Court on appeal from the order of the latter court.

Appellant alleges, and appellee admits, there is only one question submitted to this Court for determination in this case, namely: Whether or not there was substantial evidence to support the order of the Workmen's Compensation Commission. It is therefore necessary to give a brief synopsis of the facts and medical evidence. Claimant, Gullam C. Scott, was an uneducated, white male, thirty years of age, a common laborer engaged in oil drilling. He worked in a position known as "roughneck" or "roustabout." His work was unusually strenuous and hazardous and required stamina and dexterity. While he was thus employed, he received an injury to his back in January 1959, which will hereafter be referred to as "initial injury." Dr. Jack H. Phillips, an orthopedist, had performed surgery on claimant's back in May 1959. After the doctor released claimant, the claim of benefits for the initial injury was compromised and settled.

The claimant went to work at a filling station in October 1959, and he testified that he was able to do hard work before his second injury and his employer agreed.

Claimant then went to work for appellee, Brookhaven Well Service, doing work of a "roustabout." On October 31, 1959, he had his second injury which is the basis of this action. He worked about six or seven hours the first day of his employment, and as he came around the "rod house" at a time when "a pipeline was coming across", he stumbled and fell. He was in extreme pain and was carried by ambulance to the King's Daughters Hospital in Brookhaven.

He was first treated by Dr. R. C. Massengill, who testified that he examined the patient and X-rayed his back and hip. He also testified that claimant was disabled to some extent, and stated he "could have ruptured another disc either above or below where he had one removed, * * *" and the second injury "may have aggravated" his old condition.

Claimant was referred to Dr. William C. Warner, who examined him and testified: "I simply considered it a low back sprain. It was my impression that his back was somewhat weaker than prior to the first injury and that he definitely had some disability, but the second injury was more of a sprain. * * * this man is definitely a candidate for this sort of trouble * * * susceptible to be hurt." He again examined the claimant on January 21, 1960, and said "My impression was that he had recovered", and his trouble had cleared up by December 21, 1959. He recommended further surgery, otherwise "he probably would not improve further", but with a "spinal fusion operation" he would reach his maximum medical recovery.

On the application of appellee an order was entered by the attorney-referee requiring claimant to submit to a physical examination by Dr. Jack H. Phillips, the doctor who performed the initial surgery upon his back, and appellee agreed to pay the necessary expense incident thereto. Dr. Phillips examined appellant and operated a second time upon his back and made a "direct

visual'' examination of the scar tissue between the joints of the vertebrae. After having made such "sight" or "visual" examination, he testified that the fourth lumbar vertebrae was abnormally mobile or movable, which indicated instability at this level due to the prior disc surgery and injury. He stated that such instability was the result of the surgery for the initial injury. He testified that after the fusion of the fourth lumbar to the sacrum "I feel that his condition will be the same as it was prior to the aggravation or increase in his symptoms in October", the date of his second injury. Finally, Dr. Phillips was asked about the condition of appellant after he had received surgery, as follows: "* * * but as of right today, is your testimony that the major cause of his disability, as of today, is caused by the first operation, and that a contributing cause is caused by this injury of October 28, (sic) 1959. Is that your testimony?" He answered "Yes, sir."

(Hn 1) We are of the opinion that the testimony introduced in the record (a part of which is mentioned above) is sufficient evidence to support the finding of the Commission insofar as it determined that claimant's previous permanent disability was attributable to his initial injury, and that the second injury contributed to, and aggravated, his back condition so as to entitle appellant to temporary total disability, established by the order of the Commission. (Hn 2) On the other hand, we are of the opinion that there is no substantial testimony to support the order of the Commission limiting appellant's temporary total disability to the period of November 1st through December 21, 1959, because this period of time was based upon the testimony of Dr. Warner given before appellant underwent surgery upon his spine a second time. The testimony of Dr. Phillips given after the second operation established that appellant was totally disabled at the date of the hearing, and that his condition then was caused by the second

injury, in that his second injury aggravated the condition of his permanent spine disability. The second injury reinjured the nerve tissues, and this disability had persisted since the date of the second injury in October 1959.

We have heretofore pointed out that when a pre-existing disease or infirmity of a workman is aggravated, lighted up or accelerated by work-connected injury, or if the second injury combines with the prior disease or infirmity and the combination produces disability, the resulting disability is compensable. See Rathborne, Hair & Ridgeway Box Company v. Green, 237 Miss. 588, 115 So. 2d 674.

(Hn 3) This Court will sustain the finding of fact by the Workmen's Compensation Commission, as a general rule, but when there is no substantial evidence on which to base its finding, the judgment will be reversed. (Hn 4) Moreover, where the judgment is clearly erroneous and prejudicial in a question of law or fact, the circuit court should enter such judgment as the Commission should have entered. Section 6998-26, Miss. Code 1942.

(Hn 5) This Court has the duty to check any fundamentally erroneous exercise of administrative power, so as to require the application of the Workmen's Compensation law in a just and reasonable manner. See Central Electric Power Association v. Hicks, 236 Miss. 378, 110 So. 2d 351.

(Hn 6) The evidence in the instant case does not reveal when the temporary total disability of appellant ceased, and, for that reason, it is necessary to reverse this case so that the Commission may determine the period of time for which appellant is entitled to benefits for temporary total disability, and permanent damage because of the second injury, if any. Moreover, appellant is entitled to medical benefits during this period when he was disabled because of the second injury.

The order of the Commission allowing temporary total disability to appellant will be affirmed, but the

period of temporary disability fixed by the Commission, from November 1, 1959, through December 21, 1959, is clearly erroneous, is prejudicial, and is hereby set aside. The judgment of the Circuit Court is reversed and the case remanded to the Workmen's Compensation Commission so that it may determine the period during which appellant was temporarily totally disabled, and permanent damage because of the second injury, if any, and the resulting medical benefits due him.

Affirmed in part, reversed in part, and remanded.

Lee, P. J., and Ethridge and McElroy, JJ., concur. Gillespie, J. concurs in the result here reached.