PRYOR *v.* WOODALL INDUSTRIES, INC., et al.

No. 43144          October 12, 1964          167 So. 2d 920

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Daniel, Coker & Horton, John M. Roach,* Jackson, for appellees.

RODGERS, J.

The appellant filed an application for workmen's compensation benefits against Woodall Industries, Inc., with the Workmen's Compensation Commission, in which he

alleged he was injured by an accident arising out of his employment with the appellee on January 30, 1962. He claims that his work aggravated a previous back injury and that he was permanently disabled. The Woodall Industries, Inc. and its insurance carrier, Zurich Insurance Company, filed a denial of the claim and alleged ''his condition is the result of sciatic nerve deterioration as determined by his attending physicians * * *''.

The hearing before the attorney-referee resulted in an order favorable to the defendants. The Workmen's Compensation Commission affirmed the order of the attorney-referee and upon appeal the circuit court affirmed the order of the Commission. The case now comes to this Court upon appeal from the judgment of the Circuit Court of Jones County, Mississippi, Second Judicial District.

The testimony about which there is no controversy shows that the complainant is a white, male person, forty-five years of age; that in 1958, he had an injury to his back resulting in ''disc surgery.'' He began working for defendant-company in 1948 and continued to work for them until January 30, 1962. It is undenied that he is a hard worker and did heavy manual labor as a pallet maker, loader and carpenter for defendant-Woodall Industries, Inc. He worked regularly after his operation (except a few days when he had an injured toe). The testimony shows he had suffered pain from his back since his operation but had been able to work regularly at heavy manual labor.

Claimant testified that some two or three weeks before January 30, 1962, he strained his back while loading a trailer, but he continued to work and his injury grew from bad to worse, the muscles of his leg began to quiver and draw, and the pain became so severe that he could not sleep. He called on his family doctor but his condition did not improve or respond to medical treatment. He then went to a neurosurgeon for treat-

ment. Since that time he has been totally unable to work. The neurosurgeon who examined appellant testified that his examination revealed that appellant was suffering from nerve root pressure in addition to the indentation expected at "L-5." He also saw an indentation at the level of "L-4" of the left side. He stated "I thought that this could probably be due to scarring or it could be due to a lateral displacement disc, either one. * * * There was no evidence of any acute new protrusion as far as I could tell on the myelogram but this is not a * * * one cannot be definite about this * * *". On further examination at a later date, Dr. Neill was of the opinion that appellant had a nerve disease. He said "I felt that he had a degenerative neurological disease called 'amyotrophic lateral sclerosis' ". He pointed out that the disease was fatal and that there was no known treatment available for a cure, and that it was not caused by strain or trauma. He stated, however, that "I certainly feel that he has some evidence of having nerve root compression at a different level as well as at the same level as he had at the time of the previous operation." He stated there was evidence of disability from nerve root irritation of the lower extremity, which is not a part of the disease but is separate, permanent and twenty percent disabling.

Defendants introduced Dr. Richard W. Naef, a specialist in neurology, who testified upon the assumption it had been established that claimant was suffering with amyotrophic lateral sclerosis. He said work or occupation would neither precipitate nor aggravate the disease. He admitted, however, that there could be nerve root pressure in the area complained of by appellant, which was not a part of the disease.

Thus, it is seen from the testimony that appellant underwent surgery in 1958 for a ruptured disc at a point between "L-5" and the sacrum, but since that time there is a depression in the left side of "L-4" and that

this condition is separate and readily distinguishable from the disease of amyotrophic lateral sclerosis. Moreover, Dr. Neill was of the opinion that such condition could be related to trauma. His testimony was directed largely to the alleged disease of the claimant and he was not positive as to the disability alleged to have been caused by the strained back which had occurred since his operation. The medical testimony, coupled with the testimony of the complainant that he strained his back a short time prior to January 30, 1962, presented a question of fact as to whether or not, at least a part of his disability, was brought about as a result of an injury which was not related to a former operation or to the alleged disease. The Commission adopted the attorney-referee's opinion based upon the assumption that claimant's disability was unrelated to his occupation and was the result of a nerve disease known as amyotrophic lateral sclerosis.

The rule is now firmly established in this State that the findings of fact by the Workmen's Compensation Commission and a trial judge will be respected by the Court unless such findings are against the overwhelming weight of the evidence. Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221; Wallace v. Copiah County Lbr. Co., 223 Miss. 90, 77 So. 2d 316; Williams Bros. Company v. McIntosh, 226 Miss. 553, 84 So. 2d 692; Employers Insurance Company of Alabama v. Dean, 227 Miss. 501, 86 So. 2d 307; Lawson v. Traxler Gravel Co., 229 Miss. 159, 90 So. 2d 204; City of Moss Point v. Collum, 230 Miss. 139, 92 So. 2d 456; Welborn v. Joe N. Miles & Sons Lbr. Co., 231 Miss. 827, 97 So. 2d 734; Nicholas Company v. Dodson, 232 Miss. 569, 99 So. 2d 666; Scott v. Brookhaven Well Service, 246 Miss. 456, 150 So. 2d 508; Babcock & Wilcox Company v. McClain, 149 So. 2d 523 (Miss.); 2 Am. Jur. 2d, Administrative Law, § 583, p. 567.

■■ ■ We are of the opinion that the Commission had ample grounds to hold that the weight of the evidence preponderated in favor of defendants and therefore the opinion of the attorney-referee, the order of the Workmen's Compensation Commission, and the judgment of the circuit court rejecting the claim of appellant should be affirmed.

## ON MOTION FOR WRIT OF CORAM NOBIS

Appellant has filed a petition in this Court requesting a writ of coram nobis in which it is alleged that since the judgment in the circuit court, and almost a year since the opinion of the attorney-referee, it has now been discovered that the petitioner, Milton Evan Pryor, does not now have, nor has he ever, suffered from the degenerative neurological disease known as amyotrophic lateral sclerosis. Affidavits of Doctors Neill and Naef — the expert witnesses who testified at the hearing before the attorney-referee — are attached to the application for coram nobis, in which it is positively stated that the petitioner does not have this disease. Inasmuch as petitioner's claim was rejected for the reason petitioner was thought to have been suffering from this disease, simple justice requires that careful consideration be given to this strange and unusual development.

In the case of Hill v. United Timber & Lbr. Co., 221 Miss. 473, 73 So. 2d 247 (1954), this Court had determined the issue on appeal, but while the case was pending on suggestion of error, an application was filed requesting a writ of coram nobis based upon evidence conclusively showing the original judgment of this Court was the result of facts which were incorrect, and that had the truth been known the original judgment would not have been entered.

The Court, after stating that this Court could disregard technical pleadings to grant a new hearing to

permit the truth to be developed, quoted in full § 6998-27. The Court then said: "The facts in this case do not render that section inapplicable to the case at bar." The petition for coram nobis was treated as a motion to remand for further development of facts and the case was reversed and remanded. Compare Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So. 2d 789 (1953), in which this Court said " * * * that justice requires that this matter be reconsidered."

■■ ■ A careful examination of the case history of this State on "coram nobis" and "motion to remand" indicates that there is some disarray of the case opinions on the subject which should be clarified in order to avoid confusion. In the outset, it should be noted that the writ of coram nobis — although recognized by statute,[1] is an ancient common-law writ,[2] the purpose of which is to correct a mistake of facts and not an error of law.[3] It is rarely used, since the same end is generally attained by a motion to remand sustained by affidavit. [4]The writ is ordinarily limited to cases where no other remedy is provided by law.[5]

■■ ■ In the instant case, we are of the opinion that the petitioner has another legal remedy which will provide due process. The pertinent part of § 6998-27, Miss. Code 1942, Rec., is as follows: "Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or *at any time prior to one (1) year after the rejection of a claim,* review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation." (Emphasis supplied.) The key words here are " * * * at any time prior to one (1) year after rejection of a claim."

The question immediately arises, When is the claim "rejected?"

In the instant case, at the time it was discovered that the claimant was not suffering from the alleged disease — for which the attorney-referee had rejected his claim for compensation — the case had been appealed to the Supreme Court of Mississippi. The appellant was confronted with the problem of whether or not to file an application for review before the Workmen's Compensation Commission under the authority of § 6998-27, Miss. Code 1942, Rec., or to file application for relief in this Court.

Section 6998-26, Miss. Code 1942, Rec., among other things, provides that: "No controversy shall be heard by the commission or an award of compensation made therein while the same matter is pending either before a Federal Court or in any Court in this state."

■■ We are of the opinion that this section is applicable to the facts here because this case was pending in this Court at the time it was discovered that the applicant was not suffering from the alleged disease and the order rejecting the claim was not final until it reached this Court. The one-year statute of limitation applies to the final "rejection" of the claim by this Court as well as unappealed rejections before the Workmen's Compensation Commission.

We recognize that there is a division of authority as to whether or not the statute is tolled by the appeal (Anno., Workmen's Compensation — Review, 165 A.L.R. 25, subsection (e) ), but in view of the provisions of § 6998-26, which must be read and considered in conjunction with § 6998-27, we are of the opinion that the applicant is entitled to file his application for a review of his compensation claim with the Workmen's Compensation Commission within one year after the judgment of this Court finally rejects his claim.

We hold therefore that the original order of the Workmen's Compensation Commission rejecting the claim of appellant, and the judgment of the circuit court affirming the order of the Commission, is hereby affirmed. The Court is of the further opinion that the petition for a writ of coram nobis in this Court should be, and is, overruled, for the reason that the petitioner has an adequate remedy to seek a review of his compensation case before the Workmen's Compensation Commission, within one year after it has been finally rejected by this Court.

The judgment of the circuit court affirming the order of the Workmen's Compensation Commission is affirmed, and the petition for writ of coram nobis is dismissed without prejudice to the appellant's right to file an application for review with the Commission within one year from the date of the judgment of this Court.

Affirmed and petition for writ of coram nobis dismissed.

*Lee, C. J., and Ethridge, Gillespie and Jones, JJ.,* concur.

*Note: [1]Section 1992.5, Miss. Code 1942, Rec. [2]49 C. J. S., Judgments, § 311, p. 561; 30A Am. Jur., Judgments, § 734, p. 687; James v. Williams, 44 Miss. 47. [3]Corry v. Buddendorff, 98 Miss. 98, 54 So. 84. [4]Fugitt v. State, 85 Miss. 94, 37 So. 554. [5]30A Am. Jur., Judgments, § 742, p. 693; 49 C. J. S., Judgments, § 312, (b), p. 563.