ETHRIDGE, Chief Justice.
Kyle Potts (appellee) filed a workmen’s compensation claim, asserting that while working for appellant, Futorian Manufacturing Company, he received an injury to his back when he tripped over cardboard patterns and fell. He was paid temporary disability benefits from February 12 to March 9, 1963. He sought permanent par *114 tial disability. The Workmen’s Compensation Commission, following its attorney-referee who denied the claim, held that claimant failed to show he suffered any permanent disability from a work-connected injury. The Circuit Court of Union County reversed, and held that Potts received a fifteen percent permanent partial disability.
The question is whether there was substantial evidence to support the findings of the Commission. We conclude there was. Although the testimony of two doctors is in some conflict, the medical evidence and the other testimony warranted the Commission in holding there was no work-connection with the low-back sprain which claimant asserts he had in later months; and that there was no causal connection between his work and the osteoarthritis in his lower spine. Moreover, his doctor posited his idea of causation on the assumption that previous x-rays were negative as to osteoarthritis; yet x-rays before the accident showed traces of that disease. His assumption thus was incorrect. Further, the Commission could consider the conflicting testimony on the reasons for Potts leaving appellant’s employment, his subsequent work with other employers, and his later applications to others stating that he had no physical defect.
Under all of the circumstances, the Commission had ample evidence to support its denial of compensation. The fact that appellant’s doctor examined him after the doctor who testified for the appellee does not affect these- conclusions. The essential issues were causation and the existence of any permanent disability. Masonite Corporation v. Fields, 229 Miss. 524, 91 So.2d 282 (1956), is therefore not in point.
Reversed and order of Workmen’s Compensation Commission reinstated and affirmed.
RODGERS, JONES, BRADY and INZER, JJ., concur.