RODGERS, Justice:
This is an appeal from an order of the Mississippi Workmen’s Compensation Commission denying compensation to an employee growing out of an injury caused by trauma to claimant’s left jaw which is alleged to have lighted up, precipitated, accelerated, aggravated or combined with a pre-existing malignant tumor to cause permanent disability to perform labor.
The record reveals that on September 6, 1968, the employee-claimant, Dewel A. Tiller, was engaged in work as an employee of appellant, Southern U.S.F., Inc., and while so engaged, a metal door slipped from his hand and struck him on his left jaw causing severe contusion, bruise or he-matoma with swelling. The claimant suffered a burning sensation at the point of impact and a lump or knot arose at the point of impact. Although it is apparent that claimant had no knowledge of his condition, he was at that time suffering from a malignant lesion involving his salivary gland. This gland was located at a point behind and below the place where the door struck his left jaw. The malignancy had extended into the lower part of the jawbone. Beginning at the time when the claimant received the blow, the condition of his jaw did not improve. He requested medical aid and was sent to Dr. John Eg-ger of Drew, Mississippi, on September 13, 1968. Claimant’s jaw was examined and x-rayed at North Sunflower County Hospital by Dr. John E. Windham and Dr. Eg-ger and his condition was diagnosed as “negative.”
He was treated by Dr. Egger on six occasions but was not informed that he was suffering from a malignant tumor although the x-ray revealed the claimant’s condition. In the meantime the condition of claimant’s jaw grew from bad to worse in that the bump or knot on his jaw had grown to the size of a golf ball. This condition of his jaw continued to deteriorate since it later developed from the testimony that the claimant’s jawbone was “moth eaten.” One of the doctors interpreted the x-ray pictures to indicate a fracture of the jaw at the alleged point of impact.
A diagnosis of squamous cell carcinoma or mucoepidermoid carcinoma involving the left submandibular salivary gland, left upper neck and left hemi-mandible or jawbone was made on February 11, 1969, by a biopsy. The claimant’s left jawbone was removed by Dr. Watson and Dr. Hendrix at the Baptist Hospital in Jackson, Mississippi.
In addition to the claim by the employee that the trauma to his left jaw accelerated, aggravated or combined with his condition of malignant tumor to cause disability, he also contends that employer’s initial treating physicians, Dr. Egger and Dr. Wind-ham, failed to properly interpret and read the x-ray pictures showing malignancy and that this failure to properly diagnose his condition caused five months delay in the treatment of a rapidly growing cancer and resulted in his further disability.
The attorney referee denied the claim; the Workmen’s Compensation Commission also denied the claim on a two-to-one decision, and upon appeal, the circuit court affirmed the order of the Workmen’s Compensation Commission. The claimant appealed to this Court and has since died. The claim has been revived in the name of his heirs.
A careful reading of the testimony — a study of the briefs and argument of attorneys, as well as a study of the authorities —has convinced us that the real issue here is whether or not there is substantial evidence in the record to warrant this Court to reject the claim of the appellant that the trauma to his lower left jaw on September 6, 1968, acted to light up, precipitate, accelerate, aggravate or combine with a pre-ex-isting malignant carcinoma which resulted in a compensable disability.
*532 It is true that where there is substantial evidence on which an administrative agency can base its finding an appellate court is reluctant to reverse or modify the ruling of the administrative agency. Illinois Central Railroad Co. v. Jackson Ready-Mix Concrete, 243 Miss. 72, 137 So.2d 542 (1962).
This has been held to be the general rule in workmen’s compensation cases. Pace v. Laurel Auto Parts, Inc., 238 Miss. 421, 118 So.2d 871 (1960); Insurance Department of Mississippi v. Dinsmore, 233 Miss. 569, 102 So.2d 691, 104 So.2d 296 (1958); Williams Bros. Co. v. McIntosh, 226 Miss. 553, 84 So.2d 692 (1956). See cases collected in Dunn’s Mississippi Workmen’s Compensation, section 289 (1967). Nevertheless, the circuit court, and this Court on appeal, are required by law to “review all questions of laws and of fact” and “if prejudicial error be found, the same shall be reversed * * Mississippi Code 1942 Annotated, section 6998-26 (1952).
We have held that where there is no substantial evidence to dispute the claim of the employee a decision by the Workmen’s Compensation Commission denying an award of compensation to an injured employee should be reversed. Masonite Corp. v. Fields, 229 Miss. 524, 91 So.2d 282 (1956).
Moreover, where the decision of the Workmen’s Compensation Commission is clearly erroneous and adverse to the overwhelming weight of the evidence so that the Commission’s order fails to carry the Workmen’s Compensation Act, this Court must reverse the order of the Commission. M. T. Reed Const. Co. v. Garrett, out the beneficent intent and purpose of 249 Miss. 892, 164 So.2d 476 (1964); Scott v. Brookhaven Well Service, 246 Miss. 456, 150 So.2d 508 (1963); Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So.2d 546 (1959); Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, 113 So.2d 667 (1959); Central Electric Power Ass’n v. Hicks, 236 Miss. 378, 110 So.2d 351, 112 So.2d 230 (1959); Employers Insurance Co. of Alabama v. Dean, 227 Miss. 501, 86 So.2d 307 (1956); Williams Bros. Co. v. McIntosh, supra.
We have read and re-read the medical testimony in this case and we are driven to the conclusion that the overwhelming weight of the medical testimony in this case leaves no room to doubt that the trauma on the jawbone of the claimant aggravated the malignant condition of appellant’s cancerous tumor and contributed to appellant’s loss of earning. As a matter of fact, there is little evidence to the contrary. Dr. Wofford testified that a trauma would cause a cancer to spread and he said that the effect of the trauma in the particular situation was to “disturb the tumor.” He pointed out that .the claimant was suffering from a carcinoma which spread through the lymphatic and said that “if an injury to this area happens, then you not only have the preferential rounds of spread through the lymphatic but you have disrupted blood vessels and very likely because the blood vessels have been you will get tumor cells in the blood stream, you see.”
The testimony shows that a patient has a better chance to recover if the tumor is diagnosed at an early stage. Dr. Lindsey testified that in order to treat the injury caused by the trauma it would necessitate the treatment of the tumor. The physical defect caused by the surgical removal of the left half of the claimant’s mandible, his loss of teeth and general weakness, was engendered by the trauma that put in motion the chain of events leading to the immediate necessity of an operation on his jawbone, and consequently, a loss of earning ability.
The substantial evidence rule to support the finding of the order of the Workmen’s Compensation Commission does not mean a small part of the total evidence, nor does the rule prevent the appellate court from examining the whole evidence to the end that the Act may be ap *533 plied in a just and reasonable manner. Dunn’s Mississippi Workmen’s Compensation § 289, pages 407-409 (1967).
We are of the opinion and hold that the evidence in this case establishes a proper claim for workmen’s compensation. See Dixie Pine Products Company v. Dependents of Bryant, 228 Miss. 595, 89 So.2d 589 (1956). We, therefore,, reverse and remand the case to the Workmen’s Compensation Commission for determination of the amount of compensation due to the claimant in view of his previous physical disability and for medical expenses incurred.
Reversed and remanded.
GILLESPIE, P. J., and JONES, BRADY and SMITH, JJ., concur.
ON MOTION TO MODIFY JUDGMENT.
The appellant has filed two motions to correct and modify the former judgment of this Court: (1) the appellant asks that his attorney be allowed 331/3% of the amount due in accordance with his contract; (2) appellant requests that he be allowed statutory interest on the unpaid compensation payments and medical expenses. Appellant also moves the Court to grant statutory penalties.
An examination of the record reveals a contract for attorney’s fee of 331/3%. The record also reveals that the employer and carrier did not file notice to controvert the claim of appellant within the time allowed by Section 6998-19(a) Mississippi Code 1942 Annotated (1952). See New & Hughes Drilling Co. v. Smith, 219 So.2d 657 (Miss.1969); Murphy v. Jac-See Packing Co., 208 So.2d 773 (Miss.1968); Goasa & Son v. Goasa, 208 So.2d 575 (Miss.1968); Dunn’s Mississippi Workmen’s Compensation, 2d Ed., sec. 299, p. 428 (1967).
We, therefore, modify the former judgment so as to allow attorney’s fee, statutory interest and statutory penalty to be fixed on the amount found to be due by the Workmen’s Compensation Commission upon remand.
All Justices concur.