253 So.2d 820 (1971)
HARPOLE BROTHERS CONSTRUCTION CO. and U.S.F. & G. Company
v.
Willis PARKER.
No. 46332.
Supreme Court of Mississippi.
October 25, 1971.
Satterfield, Shell, Williams & Buford, Kenneth G. Perry, Jackson, for appellants.
Greaves & Terry, Gulfport, for appellee.
INZER, Justice:
This is a Workmen's Compensation case. It is unusual in that claimant has not been paid any compensation, although he suffered an on-the-job traumatic injury to his back and a severe laceration to his leg and foot, resulting in his being unable to perform physical labor since his injury. It is also unusual in that the claim was filed on March 30, 1967, and was not finally determined by the Workmen's Compensation Commission until June 28, 1970.
The proof in this case is undisputed that Willis Parker, a 58 year old male, prior to his injury on or about October 25, 1965, was a strong able-bodied man. He had only about an eighth grade education and had performed physical labor all of his life. He had never had any trouble with his back until he suffered an on-the-job injury while working for appellant, Harpole Brothers Construction Company. The proof is also undisputed that claimant and a fellow employee were operating chain saws cutting timber to clear right-of-way for power lines. Claimant was injured when a limb from a falling tree struck him in the back, knocking him to the ground. His fellow employee was also injured in *821 the same accident. Although his employer was notified of the accident he did not offer to send appellant to a doctor. After the accident, claimant was unable to work for several days. When he was able to be up and around his employer insisted he would have to return to work. He requested lighter work but was told he was employed to operate a power saw. Claimant tried to operate the saw, but it became entangled in some vines causing him to lose control of it, resulting in a severe laceration to his leg and foot. After this accident, appellee was offered medical care for the first time. He was carried to the hospital in Holly Springs where he was seen by Dr. Anthony B. Jones. When Dr. Jones saw the severity of the injury, he cleaned the wound and transferred claimant to Memphis, where he was treated by a surgeon who sutured the wound. Later he was carried back to Memphis where part of the stitches were removed. After his leg injury, appellee told his employer his back was hurting and that he needed medical care. The employer refused to furnish the medical care. Claimant did not know and was not in any way advised that his employer was subject to the Workmen's Compensation Act. The employer never reported claimant's injuries to the Workmen's Compensation Commission.
At the time of the injury appellant was living at a truck stop at New City. After the injury he stayed there for several weeks. When his funds were exhausted, he was forced to leave. He hitchhiked to Canton where he stayed several days with his nephew. He went to a doctor there who removed the remainder of the stitches from his leg. Since that time he has lived with relatives and friends. All of the witnesses, who testified in this case, testified that since claimant was injured he has been unable to perform physical labor because of the condition of his back.
In 1967 appellee learned that his fellow employee who was injured in the same accident was drawing compensation as a result of his injury. He then employed an attorney and his claim for compensation was filed on March 30, 1967. The employer-carrier answered his application and denied that appellee was injured and denied the employer-employee relationship existed at the time of the alleged injury. It was also denied that the parties were subject to the Workmen's Compensation Act at the time of the injury or that the employer had any notice of the injury. Later the answer was amended to admit the employer was insured under the Workmen's Compensation Act on the date of the injury and to plead a pre-existing condition and to request apportionment.
The first hearing on the claim was had on February 12, 1968, and thereafter several hearings were had, the last being on September 5, 1969. The attorney referee's opinion was not rendered until April 15, 1970, and the order of the commission denying the claim was not entered until June 28, 1970.
The attorney referee found that at the time of his injury, appellant was performing services growing out of and in the course of his employment and that timely notice was received by his employer. The attorney referee denied the claim for compensation in toto. The basis for the denial was that in the opinion of the attorney referee the claimant had failed to establish his disability was causally related to the accident.
Upon review by the full commission, the order of the attorney referee was affirmed. An appeal was had to the circuit court, and that court entered an order reversing the order of the commission denying compensation and remanded the cause to the commission for the determination of the period of temporary total disability and for the determination of a pro-rata percent that the pre-existing condition contributed to claimant's permanent disability. The circuit judge was of the opinion after reviewing the record in this case that the order of the commission was *822 against the overwhelming weight of the evidence and was arbitrary, capricious, and totally against the intent and purpose of the Workmen's Compensation Act.
The employer-carrier has appealed from the order of the circuit court. It is their contention the commission is the finder of the facts and where the testimony is in direct conflict upon the issue of causal connection a determination of the issue by the commission is final, and it was error for the circuit court to overthrow the finding of the commission.
Dr. Kendall Gregory, whose specialty is diagnosis and internal medicine, examined claimant on October 15, 1968. He performed a complete physical and neurological examination. He testified he found definite signs of osteoarthritis, particularly of the third and fourth lumbar vertebrae. He stated the first and second lumbar vertebrae were almost entirely free of osteoarthritic changes. He found a large spur was present on the fourth lumbar vertebrae, with a smaller spur on the third lumbar vertebrae. He also found there was a loss of disc space between the fifth lumbar vertebrae and the first sacral vertebrae. He stated the significance of the absence of any sign of osteoarthritis in the upper lumbar vertebrae or spurring in the upper lumbar vertebrae is that the injury complained of caused the traumatic arthritis. He said further indications were the finding of traumatic arthritis was consistent with a history of injury to the back, as well as not only loss of vertical space but also absence of the right Achilles tendon reflex. It was his opinion claimant was 100 percent disabled from performing hard, physical labor. It was his opinion the present condition of claimant's back was quite probably due to the back injury which claimant sustained. It was his opinion claimant had reached maximum medical recovery, but it was possible that he might need further medical treatment.
Dr. William B. Thompson, an orthopedic surgeon, testified on behalf of the employer-carrier that claimant was sent to him by the Vocational Rehabilitation Department for an evaluation as to whether claimant would qualify for vocational rehabilitation. He examined claimant on November 3, 1967, and his examination extended over a period of some thirty to forty-five minutes. He said claimant had mild paraspinous lumbar muscle spasm, and with help claimant was able to move his back through essentially full motion. The x-rays showed mild to moderate degenerate arthritic changes in the dorsal lumbar spine area. He found there was no definite evidence of an acute injury on the x-rays.
It was Dr. Thompson's opinion claimant was suffering spondylolisthesis, which in Dr. Thompson's opinion was a congenital deformity caused by prolonged wear on the vertebrae of the back. It was his opinion that claimant was not suffering from a herniated disc based upon the tests which he took. Dr. Thompson did not make a disability rating on claimant, but he stated he did not feel claimant was totally disabled. It was his opinion claimant's disability was not connected with the injury, but was based upon a pre-existing disease being spondylolisthesis. On cross examination he stated spondylolisthesis is a slipping forward of a vertebrae caused by the pre-existing defect known as spondylosis. He admitted a person suffering from spondylosis would be more prone to suffer a back injury or disability from a traumatic injury to his back. The only other testimony on behalf of the claimant is the testimony of Dr. Anthony B. Jones, who saw claimant after he had suffered the laceration to his leg and foot. He stated at the time he saw claimant he did not complain to him that his back was hurting.
It is clear that the only possible basis upon which the commission could deny compensation in this case is the testimony of Dr. Thompson. If his testimony is considered in isolation, it might amount to substantial evidence to support the finding *823 of the commission, but when it is considered with the other evidence in this case, it loses much of its character and does not amount to substantial evidence. In reviewing a record to determine whether there is substantial evidence to support the order of the commission, we must look at all the evidence on both sides. When we do that in this case, we find that the order of the commission is clearly erroneous. We said in Central Electric Power Ass'n v. Hicks, 236 Miss. 378, 110 So.2d 351 (1959):
Reading Section 6998-26 and the case-law applying it, particularly Lucedale Veneer Co. v. Rogers, we hold that judicial review of findings of the commission extends to a determination of whether they are clearly erroneous. And a finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the commission in its findings of fact and in its application of the act. See 4 Davis, ibid., Sec. 29.02. For an exhaustive, analytical discussion of the scope of review, see 4 Davis, Administrative Law Treatise (1958), Secs. 29.01-30.14, pages 114-270. (236 Miss. at 390, 110 So.2d at 357).
We reaffirmed this statement in the recent case of Tiller v. Southern U.S.F., Inc., 246 So.2d 530 (Miss. 1971), wherein we stated:
We have held that where there is no substantial evidence to dispute the claim of the employee a decision by the Workmen's Compensation Commission denying an award of compensation to an injured employee should be reversed. Masonite Corp. v. Fields, 229 Miss. 524, 91 So.2d 282 (1956).
Moreover, where the decision of the Workmen's Compensation Commission is clearly erroneous and adverse to the overwhelming weight of the evidence so that the Commission's order fails to carry out the beneficent intent and purpose of the Workmen's Compensation Act, this Court must reverse the order of the Commission. M.T. Reed Const. Co. v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964); Scott v. Brookhaven Well Service, 246 Miss. 456, 150 So.2d 508 (1963); Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So.2d 546 (1959); Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, 113 So.2d 667 (1959); Central Electric Power Ass'n v. Hicks, 236 Miss. 378, 110 So.2d 351, 112 So.2d 230 (1959); Employers Insurance Co. of Alabama v. Dean, 227 Miss. 501, 86 So.2d 307 (1956); Williams Bros. Co. v. McIntosh, supra [226 Miss. 553, 84 So.2d 692]. (246 So.2d at 532).
Our review of the record in this case convinces us the circuit court was eminently correct in reversing the order of the commission and remanding this cause to the commission for the payment of compensation.
It is clear from the record in this case that claimant is entitled to temporary total compensation from the time of injury until he reached maximum medical recovery. The commission will also determine the extent of the permanent disability to be apportioned, if it is found that claimant had a pre-existing disease which is shown by medical findings to be a material contributing factor in the results following his injury. The commission will also require the payment of interest and penalty in accordance with the act.
For the reasons stated, this case is affirmed and remanded.
Affirmed and remanded.
GILLESPIE, C.J., and JONES, BRADY and ROBERTSON, JJ., concur.