PATTERSON, Justice
(dissenting) :
The evidence leads me to a conclusion different from that of several of my brethren. The majority opinion lends verity, I think, to the cliche that the forest cannot be seen for the trees in the way. Here the disability cannot be seen for the inability of doctors to explain the cause of disability. All witnesses concede that the claimant has an insensitive left arm and to this extent is disabled. Likewise, they virtually agree that the claimant has lost to some degree the area of motion of his left arm though again two doctors were unable to explain this loss. However, the majority opinion in effect holds that since the disability cannot be explained by medical evidence, it becomes nonexistent.
I am of the opinion that the inability to explain an obvious fact in no way diminishes the fact or in itself transforms the lack of explanation into substantial evidence whereby the purpose of the Workmen’s Compensation Act, compensation of laborers for their disabilities received in the course of employment, may be defeated. The opinion simply holds that if there be a suggestion of evidence, however negative in character, that may be tenuously interpreted as substantial, then this construction must be adopted to uphold the finding of the commission.
The evidence is uncontradicted that prior to his industrial injury the claimant was a strong and healthy young man capable of doing any type of manual labor. The injury consisted of a metal wire becoming imbedded in his left arm which required removal by surgery. Thereafter, a form was filed for disability payments as the result of the injury. The appellant claims that he is no longer able to perform manual labor since his arm movement is restricted and there is an additional hazard for further injury because he is unable to feel pressure or burns to the affected member.
The question before the commission was whether the claim was supported by the evidence offered at the hearing.
The claimant, his mother and his college roommate, testified to the disability of the left arm. His- roommate stated that its motion was severely limited and that it was necessary for him and other friends to knot claimant’s tie due to his inability to do so. The mother testified as to the son’s pain from the arm and his inability to perform certain functions. There is uncontra-dicted evidence that the claimant has been rejected by the United States Marine Corps and the United States Army due to the insensitivity and disability.
Dr. Lindsey, a general practitioner of Cleveland, testified in significant part for the claimant as follows:
My explanation is that this piece of wire got up there around the brachial plexus where all these nerves cross and could easily come in contact with all three of the nerves and cause a certain amount of damage to all three, which would cause scarring to start developing and cause the symptoms to start developing which can gradually become worse. In addition to that — that’s my explanation of the sensation loss. My explanation of the pain in the shoulder joint is that this wire also caused damage in this area and has caused scar tissue to develop in that area. And has caused this limitation of motion and pain in the shoulder joint.
Two other physicians, Dr. Merbitz of Greenville, and Dr. Rowland of Memphis, examined claimant and could find no evidence of an organic basis of any nerve or muscle damage. They viewed the loss of sensation in the arm as “bizarre” and were able only to explain the numbness as possibly resulting from a “very large psychogenic overlay.” The pinprick test of Dr. Lindsey about which he was questioned ex *207 tensively, indicated that the claimant’s left arm was punctured “deep” and “hard” over 100 times with a hypodermic needle with no reaction from the claimant other than the area of his fingertips.
There is also evidence, mentioned in the majority opinion, that the claimant on one occasion was burned on his left arm by an acetylene torch without reaction from pain. Nevertheless, the majority holds that the commission’s finding that there was no disability to the upper left extremity should be upheld. In so doing the author of the opinion candidly states, “although some of us might have voted otherwise had we been members of the Workmen’s Compensation Commission, we have, nevertheless, reached the conclusion that there was substantial evidence on which the Commission —as the trier of fact — could have reasonably determined that the claimant was not permanently injured.” Though the phrase is aptly stated and probably is dispositive of the suit, I doubt its purchasing power at the merchant’s counter and believe from the evidence the claimant is justly entitled to something more tangible. The purpose of workmen’s compensation is payment for work-incurred injury and disability if the same be shown by fair evidence.
As recently as October 25, 1971, we stated in Harpole Brothers Construction Company and U. S. F. & G. Company v. Parker, Miss., 253 So.2d 820 (not yet reported) the following:
* * * In reviewing a record to determine whether there is substantial evidence to support the order of the commission, we must look at all the evidence on both sides. When we do that in this case, we find that the order of the commission is clearly erroneous. We said in Central Electric Power Ass’n v. Hicks, 236 Miss. 378, 110 So.2d 351 (1959):
“Reading Section 6998-26 and the case-law applying it, particularly Lucedale Veneer Co. v. Rogers, [211 Miss. 613, 48 So.2d 148, 53 So.2d 69] we hold that judicial review of findings of the commission extends to a determination of whether they are clearly erroneous. And a finding is clearly erroneous when, although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the commission in its findings of fact and in its application of the act. See 4 Davis, ibid., Sec. 29.02. For an exhaustive, analytical discussion of the scope of review, see 4 Davis, Administrative Law Treatise (1958), Secs. 29.01-30.14, pages 114-270. (236 Miss. at 390, 110 So.2d at 357).”
We reaffirmed this statement in the recent case of Tiller v. Southern U. S. F., Inc., 246 So.2d 530 (Miss.1971), wherein we stated :
“We have held that where there is no substantial evidence to dispute the claim of the employee a decision by the Workmen’s Compensation Commission denying an award of compensation to an injured employee should be reversed. Masonite Corp. v. Fields, 229 Miss. 524, 91 So.2d 282 (1956).
“Moreover, where the decision of the Workmen’s Compensation Commission is clearly erroneous and adverse to the overwhelming weight of the evidence so that the Commission’s order fails to carry out the beneficent intent and purpose of the Workmen’s Compensation Act, this Court must reverse the order of the Commission. M. T. Reed Const. Co. v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964); Scott v. Brookhaven Well Service, 246 Miss. 456, 150 So.2d 508 (1963); Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So.2d 546 (1959); Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, 113 So.2d 667 (1959) ; Central Electric Power Ass’n v. Hicks, 236 Miss. 378, 110 So.2d 351, 112 So.2d 230 (1959); Employers Insurance Co. of Alabama v. Dean, 227 Miss. 501, 86 So.2d 307 (1956); Williams Bros. Co. *208 v. McIntosh, supra. [226 Miss. 553, 84 So.2d 692] (246 So.2d at 532).”
My review of the record convinces me that the claimant has a permanent disability resulting from the lost motion of his arm or the loss of sensitivity, and even though unexplained by medical evidence and uncertain as to whether it is the result of a physical disability or a mental condition, it is nevertheless compensable since in either event it resulted from injury in the course of employment. See Miller Transporters, Ltd. v. Reeves, 195 So.2d 95 (Miss.1967).
I, therefore, with deference, dissent from the majority viewpoint as I conceive it to be clearly erroneous.
JONES and INZER, JJ., concur in this dissent.