INZER, Justice:
This is a workmen’s compensation case. Todd’s Big Star, the employer, and its carrier, Cotton Belt Insurance Company, appeal from a judgment of the Circuit Court of Lee County affirming in part and reversing in part an order of the Workmen’s Compensation Commission.
The commission affirmed an order of the attorney referee finding that claimant Bettye Lyons sustained an accidental injury to her back on March 13, 1971, while performing duties arising out of and in the course of her employment with Todd’s Big Star, which injury aggravated a pre-exist-ing back injury that had been present since 1959. Temporary total disability was awarded until July 13, 1971, on which date it was found that the effects of the injury had subsided to the pre-injury condition. One commissioner dissented from that part of the order finding that the effects of the injury subsided on July 13, 1971, and denying compensation after that date.
Claimant appealed to the circuit court and the employer-carrier cross appealed. The circuit court affirmed that part of the order of the commission finding that the claimant had sustained an accidental injury arising out of and in the course of her employment with Todd’s Big Star, but reversed that part of the order denying compensation after July 13, 1971, and ordered payment of temporary total disability after July 13, 1971, until claimant’s condition improved. The cause was remanded to the commission for enforcement. The cross appeal was denied; hence this appeal.
Appellant urges that the circuit court was in error in failing to sustain its cross appeal. It is urged that there is no substantial evidence that claimant suffered an accidental injury on March 13, 1971. We find no merit in this contention. There was ample credible evidence to support the finding of the commission that the claimant suffered an accidental injury to her back, arising out of and in the course of her employment.
It is also urged that the circuit court was in error in reversing the order'of the commission denying compensation after July 13, 1971. It is contended that there was substantial evidence to support the commission on this point. This contention is based on the fact that Dr. Purser, the treating physician testified that claimant’s condition improved to the extent that he recommended in June that she return to work. Claimant did not return to work for the reason that she was still suffering with pain in her back. When Dr. Purser saw the claimant on July 27, 1971, he found that her condition was worse than it had been in previous weeks. When asked on cross examination if something dramatic had occurred on July 27, the doctor answered, “Yes, sir.” The doctor then said that he could not medically relate the dis *849 ability he found on July 27, 1971, to a specific injury at Todd’s Big Star.
The evidence both lay and medical is overwhelming that as of the date of the hearing before the attorney referee claimant was totally disabled. Having found that claimant sustained a back injury arising out of and in the course of her employment, a denial of compensation for disability would have to be based on the belief of Dr. Purser that “something dramatic happened on July 27, 1971.” Neither Dr. Purser nor any other witness testified as to the nature of such dramatic happening. It is true that on cross examination the doctor said that ruptured discs sometime appear spontaneously and can be caused by sneezing, coughing, getting out of bed awkwardly, etc. However, the doctor also testified that he had no history of anything like that happening to claimant. He said that when you have a herniated disc, pain is not always consistent. Sometimes the disc actually reduces or goes back into the interspace so that the pain subsides. Sometimes it stays out and the swelling goes down because of inactivity, and the pain subsides. Then when asked if the injury in March 1971, could have caused the pain on July 27, 1971, the doctor answered, “It could have, yes, sir, I can’t say, it didn’t.” We are in agreement with the circuit court that the doctor’s statement that “something dramatic” happened on July 27 must be regarded as mere speculation and conjecture and does not rise to the level of substantial evidence.
We are also of the opinion that the circuit court was correct in holding that appellant’s injury was not a temporary aggravation of a previous back condition resulting from back surgery in 1959. When claimant went to Dr. Purser she related to him that she had back surgery in 1959. At that time Dr. Purser diagnosed claimant’s injury as postlaminectomy syndrome because as he said, “This is the way we are taught to think.” However, after x-rays were taken and a myelogram was done, it was discovered that appellant actually had a herniated disc at L-^l-5 on the right. The surgery in 1959 was a partial laminec-tomy at L-5 S-l, interspace on the right, which was at an entirely different level from her present condition. Claimant testified after the back surgery in 1959, she experienced no pain in her back until her injury in March 1971. Since 1959 she had worked at various places without experiencing any trouble with her back. She had engaged in skiing and other recreational activities. Dr. Purser testified that assuming that claimant had no trouble with her back after the operation in 1959, he was of the opinion that the operation was successful and that she had healed that defect. The doctor further said that he found no degenerative arthritis or other handicaps, disease or lesions other than her present problem. Although there was some testimony that claimant had complained of back pain before her injury on March 13, 1971, when we consider the evidence as a whole, we find that there is no substantial evidence to support the finding of the commission that claimant’s injury on March 13, 1971, was an aggravation of a pre-existing back condition that had existed since back surgery in 1959. Universal Manufacturing Co. v. Barlow, 260 So.2d 827 (Miss.1972); Harpole Bros. Constr. Co. v. Parker, 253 So.2d 820 (Miss.1971), and Central Electric Power Assn. v. Hicks, 236 Miss. 378 110 So.2d 351 (1959).
 Appellants also contend that even though the circuit court was correct in awarding compensation after July 13, 1971, the court erred in ordering payment “until her condition is found to have improved.” Appellants point out that the commission never reached the question of whether claimant’s refusal to undergo surgery was reasonable or whether apportionment should apply. After a myelogram was done in September 1971, Dr. Purser recommended surgery to correct the ruptured disc. Complainant refused this recommendation expressing a fear of undergoing back surgery again. While we are of the *850 opinion that there is ample evidence to support the finding of the circuit court that complainant’s refusal to undergo surgery was not unreasonable, we are of the opinion that this is a question that should be first determined by the commission. As to apportionment, this question may or may not arise in the future, but we are of the opinion that the question should be left open for determination by the commission, if and when it does arise. Dean Truck Line, Inc. v. Wilkes, 248 So.2d 462 (Miss.1971) and International Paper Co. v. Tiffee, 246 So.2d 535 (Miss.1971).
The judgment of the circuit court will be modified to the extent this cause will be remanded to the commission for a determination of the question of whether claimant’s refusal to undergo surgery was reasonable and for the determination of the question of apportionment, if and when it arises. In all other respects the judgment will be affirmed and the cause remanded to the commission for further proceeding consistent with this opinion.
Affirmed as modified.
GILLESPIE, C. J., and PATTERSON, WALKER and BROOM, JTJT., concur.