ILLINOIS CENTRAL RAILROAD Co., et al. *v.* JACKSON READY-MIX CONCRETE

No. 42234 February 5, 1962 137 So. 2d 542

74

*Wise, Smith & Carter,* Jackson; *Joseph H. Wright, John W. Freels, Howard D. Koontz,* Chicago, Illinois, for appellants.

*Overstreet, Kuykendall, Perry & Phillips, Cox, Dunn & Clark,* Jackson, for appellee.

Rodgers, J.

The appellee, Jackson Ready-Mix Concrete, a Mississippi Corporation, filed an application with the Mississippi Public Service Commission seeking the establishment of a freight rate for the shipment of clay cinders or light weight aggregate commensurate with that of sand and gravel. All of the railroads in Mississippi were made parties thereto and entered their appearance before the Commission. The Commission entered an order sustaining the application of the Jackson Ready-Mix Concrete so as to fix the freight rate presently applied on the light weight aggregate (also known as clay cinders) by all railroads operating intrastate to be the same rate as that of sand and gravel.

The Illinois Central Railroad Company and others filed an appeal to the Circuit Court of Hinds County, Mississippi. The circuit judge, after having read the record and heard the arguments, sustained the order of the Commission. This Court granted an appeal with supersedeas.

The evidence in this case shows that the light weight aggregate called "clay cinders" now carries a freight rate of approximately 31% more than the intrastate rail rates for sand and gravel in Mississippi. It further appears that the Jackson Ready-Mix Concrete corporation has a plant at Cynthia, approximately six miles north of Jackson, where it manufacturers clay cinders, a material used in surfacing streets and as a mix with other materials for the purpose of constructing bridges, making concrete blocks, and its use is competitive with sand and gravel for this purpose. The Jackson Ready-Mix Concrete mines clay from an open pit and transports it through a rotary kiln under a high degree of heat. This process results in cinders of various sizes

which may be used in various ways, as above-mentioned. Ninety-five percent of the cinders which have moved from appellee's plant at Cynthia have traveled intrastate by rail and have been moved in the same type of railway equipment as is used to transport sand and gravel. The testimony also shows that approximately the same tonnage per car is moved in the transportation of both commodities, and that there is no difference between the cost of transportation to the railroad, nor the manner of handling the two commodities. It further appears from the testimony that the States of Louisiana, Arkansas and Texas have equalized the rates of transportation of clay cinders with that of sand and gravel.

The appellants, I. C. R. R. Company and others, claim that the order entered by the Commission is a conclusion; that the rates on clay cinders are unjust and unreasonable; that the rate of sand and gravel is just and reasonable, that such order is beyond the issues raised in the appellee's complaint, and deprives appellants of notice, the right to be heard, and due process of law; that the order of the Commission is unreasonable, arbitrary and void because it does not contain a finding of fact; that the application states no cause of action because under the Mississippi statutes discrimination as to rates between commodities is not unlawful, because the complaint contains no actionable allegation of unlawful discrimination but seeks reductions in rates only; that the order is erroneous because it fails to afford appellant alternative means of removing the alleged discrimination or prejudice; that the charge that the rates are unjust and unreasonable is not supported by any evidence; and because the order is erroneous in holding that the rate assailed operates to effect unjust discrimination is not supported by the evidence.

This case is based upon the right of the Commission to revise the rates as justice to the public may require, and is set out in Sec. 7871, Miss. Code 1942, Rec., the

pertinent parts of which are as follows: "In revising, fixing and regulating charges for transportation, the commission shall take into consideration the character and nature of the service to be rendered and the entire business of the railroad or other common carrier and its earnings from all kinds of traffic, and shall so revise, fix and regulate the charges as to allow reasonable compensation for the services to be rendered. It shall exercise a watchful and careful supervision over the tariffs of charges of every railroad and other common carrier, *and shall revise the same from time to time,* as justice to the public and the railroad and other common carriers may require; *and shall increase or reduce any of the rates as experience and business operations show to be just."* (Emphasis supplied.)

## I.

The appellant's first assignment of error points out that under Sec. 7878 there are only two grounds for attacking rates: (1) that the rates are "more than just compensation" or (2) "effect unjust discrimination", and states that they had no notice that the Commission would consider the issue of "unreasonableness" and therefore the order holding that the rate established was "unjust and unreasonable" is denial of due process, in violation of Article 3, Sec. 14, Miss. Constitution 1890. It further alleged that the conclusion reached by the Commission that the rates on sand and gravel are "reasonable and just" is erroneous because the question of whether the rates on sand and gravel was "reasonable" was not an issue on the application of the appellee.

The appellant's argue that the complaint filed by the appellee does not charge that the rates on clay cinders is "more than just compensation", and for that reason the appellants had no notice that the Commission would consider the issue of reasonableness and the order is contrary to Sec. 7878, Miss. Code 1942,

and constitutes a denial of due process of law. We are of the opinion, however, that the complaint was in the form required by Sec. 7878, Code 1942, and that there was no issue submitted to the Commission by the complaint charging that the rates on clay cinders was "more than just compensation." The issue presented for determination by the Commission was, whether or not the present rate on clay cinders was an unjust discrimination against the appellee by the use of a discriminatory rate against the transportation of its property. The witnesses for the appellee were asked what reduction the appellee sought in the rate on clay cinders, and the witnesses pointed out each time that the appellee sought a rate comparable to the rate in effect on sand and gravel and that appellee did not seek a reduction of the clay cinder rates, as such, but rather a rate commensurate with its competing commodity, sand and gravel. See 73 C. J. S., Public Administrative Bodies and Procedure, Sec. 120, p. 439.

## II.

The appellants next argue that the order of the Mississippi Public Service Commission is arbitrary and unreasonable because the order contains no finding of fact on which to base the order.

The appellant cites many cases from federal and state courts to the effect that various freight-rate commissions are required to make a finding of fact on which to base an order fixing rates. This is pointed out in particular by Sec. 1007 (b) of the Federal Administrative Procedural Act, Title 5, U. S. C. A. This is also true under some of the statutes on which the authority of the various state commissions is based. The Commission should make a finding of fact because the courts hold generally that administrative bodies should set forth the basic finding of facts upon the ground that if an agency does not disclose the reason upon

which its decision is based, the courts will be usurped of their power of review over questions of law.

There is no requirement under the Mississippi statutes that the Public Service Commission make a detailed finding of fact in its order. Sec. 7815, Miss. Code 1942, Recompiled, requires that "All findings of the commission and the determination of every matter by it shall be made in writing and placed upon its minutes * * *". Sec. 7878, Miss. Code 1942, Recompiled, concludes with the following clause: "* * * and when the hearing is concluded, the commission shall give notice of any change deemed proper by it to be made to the railroad, and require compliance with its order."

The Commission in the order entered in this case set out that a petition was filed, due notice was given to all interested parties, and that the Commission considered all the evidence adduced, and found that the "rates presently applied on light weight aggregate (also known as 'clay cinders') * * * are unjust and unreasonable and operate so as to effect unjust discrimination against the complainant." The order also found that the rate on sand and gravel published and applied by all the railroads at this time was "just and reasonable" and should be applied to light weight aggregate (also known as clay cinders). The Commission then ordered that the railroad companies apply the rate now applied to sand and gravel to the clay cinders.

 ██ The findings and determination of the Commission should be in writing, and should be clearly expressed. The use of technical numbered tariff rate tables without setting out in the order the meaning of the tables should be avoided. There is, however, no statutory requirement with reference to the form of the order except the requirements mentioned in the foregoing code sections.

 ██ This Court has had under consideration the question of whether or not the State Banking Board

is required to make an express finding of fact, under the banking laws of Mississippi in the case of Planters Bank v. T. M. Garrott, Jr., et al., 239 Miss. 248, 122 So. 2d 256. We have also determined the question of whether or not the Workmen's Compensation Commission was required to make a detailed finding of fact in the case of Rivers Construction Co., et al. v. David Dubose, 241 Miss. 527, 130 So. 2d 865. In both of the foregoing cases we held that these agencies were not required to make a detailed finding of fact. The great weight of authority is to the effect that rate-fixing commissions should make an "ultimate" finding of fact as differentiated from "detailed" finding of fact. See 42 Am. Jur. 494, Public Administrative Law, Sec. 149.

██ The U. S. Supreme Court has held in the case of Mills v. Lehigh Valley Railroad Co., 238 U. S. 473, 35 S. Ct. 888, 59 L. Ed. 1415 (1915) : "The fundamental question thus presented, with respect to the effect of the Commission's reports and orders, has recently been determined in Meeker v. Lehigh Valley R. Co., 236 U. S. 412, ante, 644, 35 S. Ct. Rep. 328, and, in the light of the conclusion there reached, little need now be said. In dealing with the objection that the reports and orders of the Commission then before the court did not contain any findings of fact, or at least not enough to sustain an award of damages, it was held that the statute does not require a statement of the evidential or primary facts. The court said: 'We think this is not the right view of the statute, and that what it requires is a finding of the ultimate facts, — * * *' ". We are therefore of the opinion that the Public Service Commission should make an "ultimate finding of fact", and we are of the further opinion that the order entered by the Commission in this case is a sufficient ultimate finding of fact, although it leaves much to be desired. ██ The rule is that the findings of the Commission are prima facie

correct. Miss. Public Service Commission v. I. C. R. R. Company, 235 Miss. 46, 108 So. 2d 573.

## III.

The appellants next argue that the complainant states no cause of action because discrimination as between commodities is not unlawful in Mississippi; that Sec. 7867, Miss. Code 1942, prohibits discrimination against "person, locality, or corporation." The appellants point out that the 1932 Interstate Commerce Act, 49 U. S. C. A. 3, (1) contained the following language: "* * * any particular person, company, firm, corporation, or locality, or any particular description of traffic * * *". Later the act was amended to include the word "port", because the U. S. Supreme Court in the case of Texas & Pacific Ry. Co., et al. v. U. S. 289 U. S. 627, decided that "port" was not a "locality." The theory of this argument is that since the word "locality" was held not to include a "port", that by deduction the word "person" in the Mississippi statute would not include one's property.

■■■ Sec. 7867, Miss. Code 1942, provides that "The track of every railroad which carries persons or property for hire, is a public highway, over which all persons have equal rights of transportation for themselves *and their property,* * * * on the payment of reasonable compensation." (Emphasis supplied.) Tariff rates do not apply to persons transported but to *property* transported. That part of Sec. 7878, Miss. Code 1942, as follows: "* * * in the case of a tariff of rates, that the charges are for more than just compensation, or that such charges, or any of them, amount to, or operate so as to effect unjust discrimination" applies to rates on property. Moreover, this applies not only to the discrimination against "persons, corporations or localities" but also "unjust discrimination" against property; because an unjust discrimination against one's property is a

discrimination against the owner of the property whether it is a person or a corporation. It may be just as much a discrimination against a person to manipulate the rates on a competitive product so as to reduce the rates in order to give an unfair advantage to a competing product or a locality as it is to establish the rates so that competing products obtain unfair advantage. The Commission is given the authority by Sec. 7871, Miss. Code 1942, to revise the rates ''* * * and shall revise the same from time to time, as justice to the public and the railroad and other common carriers may require; and shall increase or reduce any of the rates as experience and business operations show to be just.'' The Commission may exercise the powers conferred by this section under proceedings entered upon its own motion as well as by petition.

■■ When the Commission determines in any case that the rates for the transportation of property is discriminatory, it then becomes the duty of the Commission to prescribe rates to be charged, by either increasing or reducing the published rates, taking ''into consideration the character and nature of the service to be rendered.'' The Commission, therefore, was determining the issues presented by the complainant in reducing the rate on clay cinders making it the same as the rate now in effect for transportation of sand and gravel. Stone, et al., R. R. Com'rs. v. Yazoo & Miss. Valley R. R. Co., 62 Miss. 607; Stone, et al., R. R. Com'rs. v. Natchez, Jackson & Columbus R. R. Co., 62 Miss. 646.

## IV.

■■ We cannot agree with the argument of appellants that the appellee only sought a ''reduction in rates'' because the testimony offered shows the complainant sought an ''adjustment of the disputed rates'' so as to equalize competitive commodities to avoid unjust discrimination in freight rates on property trans-

ported in a similar manner. The dispute as to what the evidence tended to establish was a question to be determined by the Commission.

■ ■ The appellants also argue that the Commission's order was erroneous because it did not permit the appellants an opportunity to remove the discriminatory rates, and in support of this thesis, it is suggested that the Commission has only the power to fix maximum rates. We are of the opinion, however, and so hold, that Sec. 7871, Miss. Code 1942, gives the Commission the authority to revise, increase, or reduce rates, "as experience and business operations show to be just."

■ ■ We do not believe that the foregoing rule conflicts with the rule that the railroad is free to fix its rates within a zone of reasonableness, between maxima and minima, because the Commission by virtue of the authority vested in it by Sec. 7871, Miss. Code 1942, may revise not only the voluntary rates published by the carrier, but may revise the rates the Commission has, by its own order, established, whenever such rates become, for any reason, unjustly discriminatory, so as "* * * to allow reasonable compensation for the services to be rendered." (See also Sec. 7878, Miss. Code 1942.)

### V.

■ ■ The question as to whether or not the published rates on clay cinders was discriminatory was a question of fact for the Commission, ■ ■ and the argument that the clay cinders sell for more than sand and gravel, and for that reason "The railroads are completely justified in maintaining slightly lower rates on sand and gravel" is erroneous. Under our law, (Sec. 7871, supra) the Commission is required to take into consideration the character and nature of the service to be rendered and the entire business of the railroad, and its earnings from all kinds of traffic. The value of the property transported is only a part of the consideration in de-

termining the "nature of the service to be rendered," in increasing or reducing rates.

██ ██ The testimony shows that other states have equalized the clay cinder rates with the rates of sand and gravel. The railroads in some of these states have voluntarily adjusted these rates. We are of the opinion that there is substantial evidence in the record on which the Commission could base its order. The Commission's findings will not be disturbed on appeal.

██ ██ This Court cannot substitute its judgment for that of the Commission where there is substantial basis in the evidence for the findings of the Commission. Miss. Public Service Commission v. I. C. R. R. Co., et al., supra; Dixie Greyhound Lines, Inc. v. Miss. Public Service Commission, 190 Miss. 704, 200 So. 579, 1 So. 2d 489.

The judgment of the circuit court sustaining the order of the Public Service Commission is affirmed. The case will be remanded to the Commission for determination of appellant's liability, if any, on the supersedeas bond, which retained in effect the old rates pending decision of this appeal.

Affirmed and remanded to the Public Service Commission for further proceedings in accordance with this opinion.

*McGehee, C. J.,* and *Arrington, Ethridge* and *McElroy, JJ.,* concur.