524 So.2d 569 (1988)
PURSUE ENERGY CORPORATION
v.
STATE OIL AND GAS BOARD OF MISSISSIPPI, et al.
No. 58039.
Supreme Court of Mississippi.
April 13, 1988.
As Modified on Denial of Rehearing May 25, 1988.
Walker L. Watters, William C. Brabec, Gerald, Brand, Watters, Cox & Hemleben, Jackson, for appellant.
David B. Gross, William R. Presson, Satterfield & Allred, Jackson, Melinda J. Stewart, New Orleans, La., for appellees.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This appeal calls upon us to determine if interest charges are recoverable as "costs of development and operation," under Mississippi Code Annotated, Section 53-3-7 (1972), our force-pooling statute.
In 1978 both Shell Oil and Pursue Energy had leasehold interests in the Thomasville Field. Pursue filed a petition requesting that the Oil & Gas Board create two drilling units, force-pool the mineral interests of the non-consenting owners, and designate Pursue as the operator of the units. Shell filed a similar petition, and also asked to be designated as the operator of the units. These petitions were consolidated and the Oil & Gas Board granted Pursue's petition.
Shell declined to join the units which were created, so its interests were force-pooled pursuant to Section 53-3-7. The Oil & Gas Board set forth those well costs which Pursue could charge to the non-consenting working interest owners of the units. The Board's orders tracked the statute and limited those charges to the following:
The costs of development and operation of the pool unit chargeable by the operator to the other interest owner or owners shall be limited to the actual expenditures required for such purposes, not in excess of what are reasonable, including a reasonable charge for supervision... .
The wells were completed in early 1979 and production began in October of 1979 after the completion of a gas processing plant for the field.
*570 A dispute arose when Shell Western and 3300 Corp., successors in interest to Shell Oil Company, objected to Pursue withholding interest expenses. Shell Western and 3300 Corp. filed petitions with the Oil & Gas Board requesting that the Board exercise its authority under Section 53-3-7 to "determine the proper costs" attributable to the non-operating interests.
The Board concluded "that interest at the legal rate is a proper cost within the meaning of Section 53-3-7, calculated at the legal rate according to Section 75-17-1." Orders were entered permitting Pursue to recover interest at the rate set out in Section 75-17-1 and ordering Pursue to refund all sums above that amount.
All parties appealed the Board's order to the Circuit Court of Hinds County. The circuit judge reversed the Oil and Gas Board's order holding that interest charges incurred by Pursue were not recoverable under Section 53-3-7.
Pursue appeals this order.

I.

WAS PURSUE ENTITLED TO RECOVER INTEREST UNDER SECTION 53-3-7 FOR THE DEVELOPMENT OF THE TWO SUBJECT WELLS?
The statute in question is set out in pertinent part:
§ 53-3-7. Integration of interests; pooling agreements and orders.
(a) When two or more separately owned tracts of land are embraced within an established drilling unit, the person owning the drilling rights therein and the rights to share in the production therefrom may validly agree to integrate their interests and to develop their lands as a drilling unit. Where, however, such persons have not agreed to integrate their interests, the board may, for the prevention of waste or to avoid the drilling of unnecessary wells require such persons to integrate their interests and to develop their lands as a drilling unit... .
In the event such pooling is required, the cost of development and operation of the pooled unit chargeable by the operator to the other interested owner or owners shall be limited to the actual expenditures required for such purpose, not in excess of what are reasonable, including a reasonable charge for supervision. When production of oil or gas is not secured in paying quantities as a result of such forced unitization, the operator shall have no charge against the nonconsenting owner or owners. In the event of any dispute relative to, such costs, the board shall determine the proper costs, after due notice to all interested parties and hearing thereon. Appeals may be taken from such determination as from any other order of the board. (Emphasis added).
Mississippi Code Annotated, Section 53-3-7 (1972).
Pursue argues that the language of Section 53-3-7 is plain and unambiguous and that the Board is granted the statutory authority to determine what costs are proper under the statute. State Oil & Gas Board v. Brinkley, 329 So.2d 512, 514 (Miss. 1976). Pursue argues that if its interest expense was reasonable, necessary, and actually incurred, a prorated share of that expense can be recovered out of the production attributable to the carried interests. Pursue admits that there are no cases specifically authorizing the recovery of interest expense under our statute, but contends that no cases exist only because the standards set out in the statute are so clear and unambiguous.
Pursue's point is two-fold. First they argue that the Oil & Gas Board should not have limited their recovery of interest expense to the amount set forth by statute in Mississippi Code Annotated, Section 75-17-1 (1972), as Amended, but should have allowed Pursue to recover all interest charged to them that was reasonable, necessary and actually incurred. Having argued that they were entitled to all the interest they actually paid and that the Oil & Gas Board wrongfully limited them, Pursue then argues that the circuit court was clearly wrong to say that no interest could be collected by Pursue as interest was not recoverable as "an actual expenditure."
*571 Shell Western and 3300 Corp. contend that interest is a creature of statute or contract; as there is no contract and the statute in question does not specifically provide for the recovery of interest expense, the Oil & Gas Board was clearly wrong to allow any interest and the circuit court was clearly correct in ruling that Pursue could not recover for interest charged to Pursue.
Shell Western and 3300 Corp. argue that the issue is not whether there is an interest expense exception to Section 53-3-7, but whether that section specifically provides for the recovery of an interest expense. Additionally, Shell Western and 3300 Corp. argue that all of our oil and gas statutes must be taken into consideration in order to determine the proper interpretation of Section 53-3-7. Andrews v. Waste Control, Inc., 409 So.2d 707 (Miss. 1982); Lamar County School Board v. Saul, 359 So.2d 350, 353 (Miss. 1978).
Section 53-3-7 has been amended twice since its enactment in 1948, and neither of these amendments specifically provide for the recovery of interest expense. Two other oil and gas statutes, Mississippi Code Annotated, Section 53-3-39 (Supp. 1984), and Mississippi Code Annotated, Section 53-3-105(e), (Supp. 1984), specifically provide for the recovery of interest expense.
Practical problems also arise in an effort to allow the recovery of interest. Debts incurred by an operator are not readily traceable to any particular well. Also the stability, history, and capital structure of an operator influence, to some degree, the rate of interest at which financing can be obtained.
The Oil & Gas Board has the authority to solve disputes relative to costs, but they are without authority to include interest expense as an element of "costs of development and operation" under Section 53-3-7. See Superior Oil Co. v. State Oil & Gas Board, 220 So.2d 602, 603-04 (Miss. 1969).
The Oil & Gas Board is given the authority to determine proper costs. Section 53-3-7. Our standard of review of such determinations is well known:
The standard for judicial review of orders of the State Oil and Gas Board is whether the order is supported by substantial evidence, is arbitrary or capricious, beyond the power of the Board to make or violate some constitutional right of the complaining party.
Superior Oil Co. v. State Oil & Gas Bd., 220 So.2d 602, 603-04 (Miss. 1969), [citing California Co. v. State Oil & Gas Bd., 200 Miss. 824, 27 So.2d 542 (1946)].
If interest expenses are not a "cost of development and operation" within the meaning of Section 53-3-7, then the Oil & Gas Board's determination will not survive even our deferential standard of review.
The question which must be resolved is whether interest expenses incurred by the operator of a force-pooled unit may be assessed against a nonconsenting owner under the statute. The problem is one of definition. Are interest expenses a "cost of development"?
In order to recover any costs of development or operation under Section 53-3-7 the cost must be an actual expenditure made by the owner of the operating interest for the development or operation of the unit; the expenditure must have been necessary for the purpose of the development or operation of the unit; and the expenditure must have been reasonable.
There is no doubt that Pursue actually incurred $1,553,779.03 in interest expenses which are attributable to the non-operating interests of Shell's successors, Shell Western and 3300 Corp. Even though the interest expense incurred by the operator may be a "cost of business" it cannot be said to be a "necessary cost" of drilling a well. It is not physically necessary that one borrow money in order to extract minerals. That various financial considerations make it more practical to do this is irrelevant. An operator should not be able to recover his interest expense simply because he chooses to finance his operations with debt instead of equity.
The cost of obtaining financing is one which should be borne by the operating interest. It is the operator who has chosen to drill a well. The carried interest owner *572 is an unwilling participant in the operator's venture. He is compelled to allow the operator to deplete his interest at the prescribed rate in return for the net proceeds from a bargain to which he was not a party.
Section 53-3-7 provides that the operator can recover only those "actual expenditures required for [development and operation]." Section 53-3-7. The statute permits only the recovery of the expenses of development and operation. Interest expense, which is the cost of money, is one step removed from the "cost of development and operation."
If the failure of the statute to provide for the recovery of interest expense created an inequitable situation it can be remedied by the legislature.[1] There is no merit to this assignment of error.

II.

DID THE OIL AND GAS BOARD ERR IN FAILING TO FIND THAT PURSUE WAS ENTITLED, UNDER SECTION 53-3-7, MISSISSIPPI CODE OF 1972, TO RECOVER FROM THE SHELL OIL COMPANY INTEREST, ALL OF ITS ACTUAL, NECESSARY AND REASONABLE COSTS INCLUDING ACTUAL INTEREST?
This assignment of error is rendered moot by our determination that the statute does not allow interest to be recovered as a part of the cost of development and therefore, there is no merit to this argument.

III.

WAS THE OIL AND GAS BOARD WITHOUT AUTHORITY TO ORDER PURSUE TO REFUND TO SHELL WESTERN E & P, INC. AND 3300 CORP., THEIR PRO RATA SHARE OF PURSUE'S ACTUAL INTEREST EXPENDITURES FOR THE TWO SUBJECT UNITS?
Our determination of assignment No. I renders this assignment moot and, therefore, without merit.
The judgment of the Circuit Court of Hinds County, Mississippi, is therefore affirmed, and the cause is remanded to the State Oil & Gas Board of Mississippi for a determination of the amount of improperly withheld proceeds.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] We note in passing that the statute in question, Section 53-3-7, has been recently altered. Since neither the fact nor the substance of this alteration is relevant to the present inquiry, we do not address it.