WALLER, Chief Justice,
for the Court:
¶ 1. Anadarko Petroleum Corporation petitioned the Mississippi State Oil and Gas Board to determine the propriety of costs that Kelly Oil Company was attempting to charge to Anadarko as a noncon-senting owner in a force-integrated drilling unit. The Board determined that all costs Kelly Oil was attempting to charge were properly chargeable. The Hinds County Chancery Court affirmed the Board’s order, and Anadarko now appeals. Because the Board’s order contains insufficient reasoning and findings of fact for this Court to conduct an adequate review, we vacate the Board’s order and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
¶2. In 1980, the Mississippi State Oil and Gas Board (“the Board”), by order, force-integrated all interests in a 640-acre gas drilling and production unit in Cata-houla Creek Field, Hancock County, Mississippi. This unit is referred to as the Rhoda Lee Brown No. 1 Well (“the Rhoda Brown Well”). By 1992, Kelly Oil had obtained the leases to the Rhoda Brown Well and became the well operator. In 2005 and 2006, Anadarko acquired roughly one-third of the drilling rights to the Rhoda Brown Well by obtaining leases that Kelly Oil had allowed to expire. Kelly Oil and Anadarko were unable to come to an agreement regarding the sharing of well and unit costs; thus, Kelly Oil, as operator, charged Anadarko, as an interested owner, its share of more than $1.5 million in well costs Kelly Oil allegedly had incurred. Anadarko disputed more than $900,000 of these costs and, pursuant to Mississippi Code Section 53-3-7(4) (Rev. 2003), petitioned the Board to determine whether the costs Kelly Oil was seeking to charge were proper.
¶ 3. At the hearing before the Board, Anadarko presented the testimony of an oil and gas accounting expert and an engineering expert in addition to the testimony of its own representative. Kelly Hiser, the owner of Kelly Oil, and Rick Hiser, Kelly’s husband and supervisor of Kelly Oil’s field operations, testified for Kelly Oil. The two parties also submitted around 150 exhibits, combined. In March 2010, the Board submitted to the parties a proposed order, finding that all costs charged by Kelly Oil were actual, reasonable, and necessary,[1] but lacking any factual findings or reasoning to support its order. Anadarko, pursuant to Rule 10(A) of the Board’s Rules of Order and Procedure, requested that the Board include findings of fact and conclusions of law supporting its decision. Although the Board revised its order multiple times before issuing its final order on April 12, 2010, Anadarko continued to challenge the lack of specific findings of fact and conclusions of law in the Board’s order. Following the Board’s final order, Anadarko appealed, and the chancery court affirmed the Board’s order. Anadar-ko now appeals from the chancery court’s order.
ISSUE
¶ 4. Anadarko raises several issues on appeal. However, we address only the *111 lack of specific factual findings in the Board’s order, as this issue is dispositive of the appeal.
DISCUSSION
¶ 5. When reviewing a chancery or circuit court’s decision concerning the action of an administrative agency, this Court determines only whether the order of the agency 1) was supported by substantial evidence, 2) was arbitrary or capricious, B) was beyond the power of the agency to make, or 4) violated some statutory or constitutional right of the complaining party. Miss. Sierra Club, Inc. v. Miss. Dep’t of Envtl. Quality, 819 So.2d 515, 519 (Miss.2002). However, in order to determine whether an agency’s action was supported by substantial evidence or was arbitrary or capricious, we must be able to understand why the agency ruled as it did. McGowan v. Miss. State Oil & Gas Bd., 604 So.2d 312, 323 (Miss.1992). “If an agency does not disclose the reason upon which its decision is based, the courts will be usurped of their power of review.” Sierra Club, 819 So.2d at 523 (quoting Ill. Cent. R.R. Co. v. Jackson Ready-Mix Concrete, 243 Miss. 72, 137 So.2d 542, 545 (1962)).
¶ 6. Anadarko disputed seventeen different categories of costs for various reasons. Throughout the hearing, substantial conflicting testimony was given regarding the reasonableness and necessity of these disputed costs. The Board’s order addresses in detail only one of these costs-a 2003 “workover” that Anadarko disputed, in part because it did not own any drilling rights at the time the cost was incurred. As to the remaining costs, which make up more than half of the dollar amount in dispute, the Board’s order provides no findings or reasons why it determined that these costs were actual, reasonable, and necessary.
¶ 7. The closest the Board comes is on pages 6 and 7 of its order. Here, the Board discussed that Kelly Oil, as a 66% interest owner in the Rhoda Brown Well, had a substantial interest in the success of the well. Furthermore, the Board noted that Kelly Oil, as operator, could recoup another owner’s share of expenses only out of production of the well. However, neither of these facts has any bearing on whether the costs Kelly Oil charged to Anadarko were properly chargeable. The Board gave no indication as to the eviden-tiary basis for its conclusion that all costs charged by Kelly Oil were actual, reasonable, and necessary. See Pursue Energy, 524 So.2d at 571.
¶ 8. “It is a logical and legal prerequisite to intelligent judicial review in these cases that the Board favor us with more than mere conclusory findings.” McGowan, 604 So.2d at 324; see also Sierra Club, 819 So.2d at 523. The Board’s order in this case contains nothing more than conclusory findings with respect to all but the one cost mentioned above. Without knowing the reasons for the Board’s ruling, we would be forced to reweigh the evidence and substitute our judgment for that of the Board to decide the merits of the appeal. However, to do so would be to violate the constitutional separation of powers. See Limbert v. Miss. Univ. for Women Alumnae Ass’n, Inc., 998 So.2d 993, 1002 (Miss.2008); see also Davis v. Pub. Employees’ Ret. Sys., 750 So.2d 1225, 1231-32 (Miss.1999) (separation of powers prevents the court from entering the field of administrative agencies). As such, we cannot adequately review the Board’s decision to determine whether it was arbitrary or capricious or supported by substantial evidence.
CONCLUSION
¶ 9. Because the Board’s order contains insufficient findings and reasons for its *112 decision, we vacate the Board’s order and remand this case to the Board for further proceedings consistent with this opinion.
¶10. VACATED AND REMANDED.
CARLSON AND DICKINSON, P JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. See Pursue Energy Corp. v. State Oil & Gas Bd., 524 So.2d 569, 571 (Miss.1988) (holding that operators only may recover costs of development and operation that are actual, reasonable, and necessary).